# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| REGINALD N., | * | |
| Plaintiff, | * | |
| vs. | * | Civil Action No. ADC-19-1039 |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,[1] | * | |
| Defendant. | * | |

## MEMORANDUM OPINION

On April 8, 2019, Reginald N. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA") final decision to deny his claim for Supplemental Security Income ("SSI"). *See* ECF No. 1 ("the Complaint"). After consideration of the Complaint and the parties' cross-motions for summary judgment (ECF Nos. 11, 13), the Court finds that no hearing is necessary. *See* Loc.R. 105.6 (D.Md. 2018). In addition, for the reasons that follow, Plaintiff's Motion for Summary Judgment (ECF No. 11) and Defendant's Motion for Summary Judgment (ECF No. 13) are DENIED, the decision of the SSA is REVERSED, and the case is REMANDED to the SSA for further analysis in accordance with this opinion.

### PROCEDURAL HISTORY

On August 17, 2015, Plaintiff filed a Title XVI application for SSI, alleging disability beginning on December 14, 2014. His claims were denied initially and upon reconsideration on June 21, 2016, and September 12, 2016, respectively. On September 19, 2016, Plaintiff filed a

---

[1] Currently, Andrew Saul serves as the Commissioner of the Social Security Administration.

1

written request for a hearing and, on November 14, 2017, an Administrative Law Judge ("ALJ") presided over a video hearing. At the hearing, Plaintiff voluntarily moved to amend his alleged onset date to August 17, 2015, the date the application was filed. On March 1, 2018, the ALJ rendered a decision ruling that Plaintiff "has not been under a disability within the meaning of the Social Security Act [(the "Act")] since August 17, 2015, the date the application was filed." ECF No. 10 at 125.[2] Thereafter, Plaintiff filed an appeal of the ALJ's disability determination and, on February 21, 2019, the Appeals Council denied Plaintiff's request for review. Thus, the decision rendered by the ALJ became the final decision of the SSA. *See* 20 C.F.R. § 416.1481 (2018); *see also Sims v. Apfel*, 530 U.S. 103, 106–07 (2000).

On April 8, 2019, Plaintiff filed the Complaint in this Court seeking judicial review of the SSA's denial of her disability application. On August 28, 2019, Plaintiff filed a Motion for Summary Judgment, and Defendant filed a Motion for Summary Judgment on October 16, 2019. Plaintiff did not file a response, and the time to do so has since passed.[3] This matter is now fully briefed, and the Court has reviewed both parties' motions.

## STANDARD OF REVIEW

"This Court is authorized to review the [SSA]'s denial of benefits under 42 U.S.C. § 405(g)." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (citation omitted). The Court, however, does not conduct a *de novo* review of the evidence. Instead, the Court's review of an SSA decision is deferential, as "[t]he findings of the [SSA] as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g); *see Smith v. Chater*, 99 F.3d

---

[2] The Court cites to the page numbers generated by the CM/ECF filing system.

[3] On December 5, 2019, in accordance with 28 U.S.C. § 636 and Local Rules 301 and 302 of the United States District Court for the District of Maryland and upon consent of the parties, this case was transferred to United States Magistrate Judge A. David Copperthite for all proceedings.

635, 638 (4th Cir. 1996) ("The duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court."); *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986) ("We do not conduct a *de novo* review of the evidence, and the [SSA]'s finding of non-disability is to be upheld, even if the court disagrees, so long as it is supported by substantial evidence." (citations omitted)). Therefore, the issue before the reviewing court is not whether the plaintiff is disabled, but whether the ALJ's finding that the plaintiff is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. *Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 267 (4th Cir. 2017) ("[A] reviewing court must uphold the [disability] determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." (citation and internal quotation marks omitted)).

"Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion. It consists of more than a mere scintilla of evidence but may be less than a preponderance." *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015) (internal citations and quotation marks omitted). "In reviewing for substantial evidence, we do not undertake to reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the ALJ. Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (internal citations and quotation marks omitted). Therefore, in conducting the "substantial evidence" inquiry, the court shall determine whether the ALJ has considered all relevant evidence and sufficiently explained the weight accorded to that evidence. *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997).

## DISABILITY DETERMINATIONS AND BURDEN OF PROOF

In order to be eligible for DIB and/or SSI, a claimant must establish that he is under disability within the meaning of the Act. The term "disability," for purposes of the Act, is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). A claimant shall be determined to be under disability where "his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

In determining whether a claimant has a disability within the meaning of the Act, the ALJ, acting on behalf of the SSA, follows the five-step evaluation process outlined in the Code of Federal Regulations. 20 C.F.R. §§ 404.1520, 416.920; *see Mascio v. Colvin*, 780 F.3d 632, 634–35 (4th Cir. 2015). The evaluation process is sequential, meaning that "[i]f at any step a finding of disability or nondisability can be made, the SSA will not review the claim further." *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003); *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, the ALJ considers the claimant's work activity to determine if the claimant is engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), 404.1520(b), 416.920(a)(4)(i), 416.920(b).

At step two, the ALJ considers whether the claimant has a "severe medically determinable physical or mental impairment [or combination of impairments] that meets the duration

requirement[.]" 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant does not have a severe impairment or combination of impairments meeting the durational requirement of twelve months, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1520(c), 416.909, 416.920(a)(4)(ii), 416.920(c).

At step three, the ALJ considers whether the claimant's impairments, either individually or in combination, meet or medically equal one of the presumptively disabling impairments listed in the Code of Federal Regulations. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment meets or equals one of the listed impairments, then the claimant is considered disabled, regardless of the claimant's age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d); *see Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013).

Prior to advancing to step four of the sequential evaluation, the ALJ must assess the claimant's residual functional capacity ("RFC"), which is then used at the fourth and fifth steps of the analysis. 20 C.F.R. §§ 404.1520(e), 416.920(e). RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). The ALJ must consider even those impairments that are not "severe." 20 C.F.R. § 404.1545(a)(2).

In determining RFC, the ALJ evaluates the claimant's subjective symptoms (e.g., allegations of pain) using a two-part test. *Craig v. Chater*, 76 F.3d 585, 594 (4th Cir. 1996); 20 C.F.R. § 404.1529. First, the ALJ must determine whether objective evidence shows the existence of a medical impairment that could reasonably be expected to produce the actual alleged symptoms. 20 C.F.R. § 404.1529(b). Once the claimant makes that threshold showing, the ALJ must evaluate the extent to which the symptoms limit the claimant's capacity to work. 20 C.F.R.

§ 404.1529(c)(1). At this second stage, the ALJ must consider all the available evidence, including medical history, objective medical evidence, and statements by the claimant. 20 C.F.R. § 404.1529(c). The ALJ must assess the credibility of the claimant's statements, as symptoms can sometimes manifest at a greater level of severity of impairment than is shown by solely objective medical evidence. SSR 16-3p, 2017 WL 5180304, at *2–13 (Oct. 25, 2017). To assess credibility, the ALJ should consider factors such as the claimant's daily activities, treatments he has received for his symptoms, medications, and any factors contributing to functional limitations. *Id.* at *6–8.

At step four, the ALJ considers whether the claimant is able to perform past relevant work based on the determined RFC. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant can still perform past relevant work, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f), 416.920(a)(4)(iv), 416.920(f).

Where the claimant is unable to resume past relevant work, the ALJ proceeds to the fifth and final step of the sequential analysis. During steps one through four of the evaluation, the claimant has the burden of proof. 20 C.F.R. §§ 404.1520, 416.920; *see Bowen v. Yuckert*, 482 U.S. 137, 146 (1987); *Radford*, 734 F.3d at 291. At step five, however, the burden of proof shifts to the ALJ to prove: (1) that there is other work that the claimant can do, given the claimant's age, education, work experience, and RFC (as determined at step four), and; (2) that such alternative work exists in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *see Hancock*, 667 F.3d at 472–73; *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002). If the claimant can perform other work that exists in significant numbers in the national economy, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g)(1), 404.1560(c), 416.920(a)(4)(v). If the claimant cannot perform other work, then the claimant is disabled. *Id.*

## ALJ Determination

In the instant matter, the ALJ performed the sequential evaluation and found at step one that Plaintiff "has not engaged in substantial gainful activity since August 17, 2015, the application date." ECF No. 10 at 127. At step two, the ALJ found that Plaintiff had severe impairments of "osteoarthritis, degenerative disc disease, torn meniscus, chronic obstructive pulmonary disease, affective disorder, personality disorder, post-traumatic stress disorder, and substance abuse." *Id.* At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. pt. 404, subpt. P, app. 1. *Id.* at 128. The ALJ then determined that Plaintiff had the RFC:

> to perform light work as defined in 20 CFR 416.967(b), except he can occasionally climb ramps and stairs; occasionally climb ladders, ropes, or scaffolds; and occasionally balance on uneven surfaces, stoop, kneel, crouch, and crawl. [Plaintiff] can perform simple, routine, and repetitive tasks, and time off-task can be accommodated by normal breaks. [Plaintiff] can tolerate few changes in the routine work setting. [Plaintiff] can tolerate occasional interaction with supervisors and rare (defined as 30 minutes, at most) interaction with coworkers and the public.

*Id.* at 131–32. The ALJ then determined at step four that Plaintiff had past relevant work as construction worker, but that he was unable to perform such work. *Id.* at 142. Finally, at step five, the ALJ found that, "[c]onsidering [Plaintiff's] age, education, work experience, and [RFC], there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform." *Id.* at 143. Thus, the ALJ concluded that Plaintiff "has not been under a disability, as defined in the [Act], since August 17, 2015, the date the application was filed." *Id.* at 144.

## Discussion

Plaintiff raises three allegations of error on appeal: (1) the ALJ improperly accounted for Plaintiff's moderate impairment in concentrating, persisting, or maintaining pace in his RFC finding; (2) the ALJ improperly considered the medical opinion evidence of two treating

7

physicians; and (3) the jobs recommended by the Vocational Expert ("VE") containing a reasoning level two were inconsistent with Plaintiff's RFC, and, therefore, in conflict with the Dictionary of Occupational Titles ("DOT"). The Court agrees with Plaintiff's first argument, but his other two arguments lack merit.

Because remand is warranted for Plaintiff's first argument, *see infra*, the Court will not analyze his remaining two arguments. The Court notes, however, that Defendant provided to the Court a Notice of Supplemental Authority (ECF No. 14) after submitting its Motion for Summary Judgment. The Notice pertains to a recent Fourth Circuit Decision in *Lawrence v. Saul*, 941 F.3d 140 (4th Cir. 2019), in which Fourth Circuit held there is no conflict between an RFC limitation of "simple, routine, repetitive tasks" and the DOT's reasoning level two. While detailed analysis of Plaintiff's third argument concerning the VE's testimony is unnecessary, the Court provides that the Fourth Circuit's decision in *Lawrence* (which was filed after Plaintiff's Motion for Summary Judgment) directly precludes Plaintiff's third allegation of error.

Plaintiff contends the ALJ improperly accounted for his moderate limitation in concentrating, persisting, or maintaining pace in violation of *Mascio v. Colvin*, 780 F.3d 635 (4th Cir. 2015). ECF No. 11-1 at 5–6. In determining RFC specifically, an ALJ must consider the entire record, opinion evidence, impairments that are not severe, and any limitations the ALJ finds. 20 C.F.R. §§ 404.1545(a), 416.945(a) (ordering the ALJ to consider the entire record); SSR 96-8p, 1996 WL 374184, at *2 (defining the RFC as an assessment of an individual's ability to perform vocational-related physical and mental activities). Furthermore, it is the duty of the ALJ to make findings of fact and resolve conflicts in the evidence. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990) (quoting *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979)).

Social Security Ruling ("SSR") 96-8p provides the proper framework for evaluating a claimant's RFC. Specifically, the Ruling provides:

> The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations). In assessing RFC, the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule), and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record. The adjudicator must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved.

SSR 96-8p, 1996 WL 374184, at *7 (footnote omitted). Furthermore, "[t]he Ruling instructs that the [RFC] 'assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions' listed in the regulations. Only after that may [the RFC] be expressed in terms of the exertional levels of work[:] sedentary, light, medium, heavy, and very heavy." *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015) (footnote omitted) (quoting SSR 96-8p, 1996 WL 374184).

Plaintiff contends that the ALJ's RFC assessment failed to adequately account for his moderate difficulties in concentrating, persisting, or maintaining pace in violation of *Mascio*. ECF No. 11-1 at 5. Specifically, Plaintiff argues that the ALJ did not impose an RFC restriction for Plaintiff's moderate limitations in concentration, persistence, and pace the ALJ found Plaintiff possessed at step three. *Id.* The Court agrees.

At step three of the sequential evaluation, the ALJ must determine whether the claimant's impairments meet or equal one or more of the impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1. Listings 12.00 *et seq.* pertain to mental impairments. 20 C.F.R. pt. 404, subpt. P, app. 1, 12.00. "Each [L]isting therein, consists of: (1) a brief statement describing its subject disorder; (2) 'paragraph A criteria,' which consists of a set of medical findings; and (3) 'paragraph B criteria,'

9

which consists of a set of impairment-related functional limitations." *Rayman v. Comm'r, Soc. Sec. Admin.*, No. SAG-14-3102, 2015 WL 6870053, at *2 (D.Md. Nov. 6, 2015) (citing 20 C.F.R. pt. 404, subpt. P, app. 1, 12.00(A)). If the paragraph A and paragraph B criteria are satisfied, the ALJ will find that the claimant meets the listed impairment. *Id.*

Paragraph B provides the functional criteria assessed by the ALJ and consists of four broad functional areas: (1) understand, remember, or apply information; (2) interact with others; (3) concentrate, persist, or maintain pace; and (4) adapt or manage oneself. 20 C.F.R. pt. 404, subpt. P, app. 1, 12.00(A)(2)(b). The ALJ employs a "special technique" to rate the degree of a claimant's functional limitations in these areas. 20 C.F.R. §§ 404.1520a(b), 416.920a(b). The ALJ's evaluation must determine "the extent to which [the claimant's] impairment(s) interferes with [the] ability to function independently, appropriately, effectively, and on a sustained basis" and must include a specific finding as to the degree of limitation in each of the four functional areas. 20 C.F.R. §§ 404.1520a(c), 416.920a(c). The ALJ uses a five-point scale to rate a claimant's degree of limitation in these areas: none, mild, moderate, marked, and extreme. 20 C.F.R. §§ 404.1520a(c)(4), 416.920a(c)(4). "To satisfy the paragraph B criteria, [a claimant's] mental disorder must result in 'extreme' limitation of one, or 'marked' limitation of two, of the four areas of mental functioning." 20 C.F.R. pt. 404, subpt. P, app. 1, 12.00(A)(2)(b).

The functional area of concentrate, persist, or maintain pace "refers to the abilities to focus attention on work activities and stay on task at a sustained rate." 20 C.F.R. pt. 404, subpt. P, app. 1, 12.00(E)(3). According to the regulations, examples of the ability to focus attention and stay on task include:

> Initiating and performing a task that [the claimant] understand[s] and know[s] how to do; working at an appropriate and consistent pace; completing tasks in a timely manner; ignoring or avoiding distractions while working; changing activities or work settings without being disruptive; working close to or with others without

10

> interrupting or distracting them; sustaining an ordinary routine and regular attendance at work; and working a full day without needing more than the allotted number or length of rest periods during the day.

*Id.*

In *Mascio*, the United States Court of Appeals for the Fourth Circuit determined that remand was appropriate for three distinct reasons, including the inadequacy of the ALJ's evaluation of "moderate difficulties" in concentration, persistence, or pace. 780 F.3d at 638. Specifically, the Fourth Circuit recognized a difference between the ability to perform simple tasks and the ability to stay on task, stating that the latter ability concerns the broad functional area of concentration, persistence, or pace. *Id.* Although the Fourth Circuit noted that the ALJ's error might have been cured by an explanation as to why the claimant's moderate difficulties in concentration, persistence, or pace did not translate into a limitation in the claimant's RFC, it held that absent such an explanation, remand was necessary. *Id.*; *see also Carr v. Colvin*, No. TMD 15-685, 2016 WL 4662341, at *10 (D.Md. Sept. 7, 2016) (remanding for the ALJ to "determine on a function-by-function basis how Plaintiff's impairments affect his ability to work for a full workday").

Here, the ALJ's RFC analysis did not properly explain the limitation for Plaintiff's difficulties in concentrating, persisting, or maintaining pace. At step three of the sequential evaluation, the ALJ determined "[w]ith regard to concentrating, persisting, or maintaining pace, [Plaintiff] has a moderate limitation." ECF No. 10 at 130. The ALJ also found a moderate limitation on Plaintiff's ability to understand, remember, or apply information, "no more than" a moderate limitation adapting or managing oneself, and a marked limitation interacting with others. *Id.* at 130–31.

The ALJ imposed restrictions in her RFC finding that Plaintiff was limited to "perform simple, routine, and repetitive tasks, and time off-task can be accommodated by normal breaks." *Id.* at 132. The ALJ failed to provide a logical bridge explaining how Plaintiff's moderate limitations concentrating, persisting, or maintaining pace could be accommodated only by normal breaks. *See Travis X. C. v. Saul*, GJH-18-1210, 2019 WL 4597897, at *4 (D.Md. Sept. 20, 2019) (finding that the ALJ's failure to explain how his finding that the plaintiff's "[t]ime off task during the workday can be accommodated by normal breaks" accounted for the plaintiff's moderate limitations in the "ability to concentrate, persist, or maintain pace"). While the ALJ noted Plaintiff's difficulties in this area at step three of her opinion and explicitly acknowledged that Plaintiff has difficulties maintaining concentration, persistence, or pace, she failed to explain later either why she did not impose a corresponding RFC limitation or how normal breaks accommodate the limitation. ECF No. 10 at 130; *see also Martin v. Comm'r, Soc. Sec. Admin.*, No. SAG-15-335, 2015 WL 7295593, at *3 (D.Md. Nov. 18, 2015) (remanding case after the ALJ discussed evidence pertaining to the claimant's difficulties in concentration, persistence, or pace but then did not offer a restriction corresponding to the limitation nor did the ALJ justify the lack of restriction given). The only mention of Plaintiff's limitation in concentration, persistence, or pace in the ALJ's RFC analysis is when she opines Plaintiff's moderate limitation in this area is supported y the opinions of the State psychological consultants and the record. ECF No. 10 at 141.

"As the Fourth Circuit mandates under *Mascio*, 'once an ALJ had made a step three finding that a claimant suffers from moderate difficulties in concentration, persistence, or pace, the ALJ must either include a corresponding limitation in her RFC assessment, or explain why no such limitation is necessary.'" *Henry v. Berryhill*, No. BPG-17-57, 2018 WL 558839, at *3 (D.Md. Jan. 25, 2018) (citation omitted). "Without providing further analysis of plaintiff's mental limitations,

highlighting medical evidence refuting the severity of the limitation, or otherwise discussing why a restriction pertaining to concentration, persistence, or pace is not needed in the case, this court cannot perform an adequate review." *Id.* Because the ALJ neither included a proper limitation in her RFC assessment nor explained why such a limitation was unnecessary in this case, the Court must remand the case to the SSA for further analysis consistent with *Mascio*.

## CONCLUSION

In summation, the Court finds that the ALJ improperly found that Plaintiff was "not disabled" within the meaning of the Act from August 17, 2015, through the date of his application. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED due to inadequate analysis. Therefore, based on the foregoing, Plaintiff's Motion for Summary Judgment (ECF No. 11) is DENIED, Defendant's Motion for Summary Judgment (ECF No. 13) is DENIED, and the decision of the SSA is REMANDED for further proceedings in accordance with this opinion. In so holding, the Court expresses no opinion as to the validity of the ALJ's ultimate disability determination. The clerk is directed to CLOSE this case.

Date: 23 January 2020

A. David Copperthite
United States Magistrate Judge